**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GENE RODNEY KELLEY,

      Petitioner,                      CASE NO. 2:08-CV-14413
                                      HONORABLE NANCY G. EDMUNDS
v.                                  UNITED STATES DISTRICT JUDGE

THOMAS G. PHILLIPS,

      Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND**
**DENYING CERTIFICATE OF APPEALABILITY**

**I. <u>Introduction</u>**

This is a habeas case brought by a state inmate under 28 U.S.C. § 2254. Gene Rodney Kelley, ("Petitioner"), was confined at a Michigan correctional facility as a result of his Wayne Circuit Court bench trial convictions for carrying a concealed weapon, MICH. COMP. LAWS 750.227, felon in possession of a weapon, MICH. COMP. LAWS 750.224f, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS 750.227(b). According to Michigan Department of Corrections records, Petitioner was discharged from his maximum sentence on January 6, 2010. Petitioner filed a *pro se* petition for writ of habeas corpus claiming that insufficient evidence was admitted at trial to sustain his convictions. Respondent, through the Michigan Attorney General's Office, filed a response, arguing that Petitioner's claim lacks merit. For the reasons which follow, the petition will be denied.

1

## II. __Background__

Petitioner was pulled-over in his vehicle by a police officer because his license plate light was broken. Petitioner and his passenger had warrants out for their arrest, and so they were placed in custody. A subsequent search of the vehicle revealed a handgun in the center counsel, situated between where Petitioner and the passenger had been sitting.

At Petitioner's bench trial, the only witness to testify for the prosecution was the police officer who arrested Petitioner. Besides describing the circumstances of the arrest and the discovery of the handgun, the officer testified that when he pulled-over Petitioner's vehicle, he immediately exited with the keys and seemed eager to get away from the car.

Petitioner testified in his own defense. He denied that the handgun belonged to him and denied knowing that it was in his car. Petitioner testified that he and his passenger had been fishing, and he speculated that when the police arrived to clear-out the park, perhaps someone hid the gun in his car. Defense counsel argued in closing that there was no way to determine if the gun belonged to Petitioner or his passenger.

The trial court, sitting as trier of fact, did not find Petitioner's story credible. The court found that Petitioner's behavior after being pulled-over indicated that he knew the gun was in the car. The court found Petitioner guilty of the three firearms offenses listed above. Petitioner was sentenced to two years imprisonment for the felony-firearm conviction, and he was given three years probation for the other two offenses.

Following sentencing, Petitioner pursued an appeal of right. His appellate brief filed in the Michigan Court of Appeals raised a single issue:

> I. Was the trial court's verdict of guilty supported by sufficient evidence to allow a rational trier of fact to find the defendant guilty beyond a reasonable doubt?

2

The Michigan Court of Appeals issued an unpublished opinion affirming Petitioner's conviction. *People v. Kelley*, 2008 Mich. App. LEXIS 881 (Mich. Ct. App. May 1, 2008). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claim, but leave to appeal was denied because the court "was not persuaded that the questions presented should be reviewed." *People v. Kelley*, 482 Mich. 990, 755 N.W.2d 650 (2008). Petitioner has now filed an application for writ of habeas corpus that raises the same claim he presented to the state courts.

### III. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, No. 2011 WL 148587, * 11 (U.S. 2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. 770.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where

4

there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## IV. <u>Analysis</u>

Petitioner presents a single claim for habeas corpus relief. He argues that insufficient evidence was presented to support his three firearm convictions because insufficient evidence was presented to show that he possessed a firearm.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364(1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he Jackson standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006), *quoting Jackson*, 443 U.S. at 324 n.16.

5

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), *citing Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, *citing Jackson*, 443 U.S. at 319. Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), *citing Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, ___ U.S. ___, 130 S. Ct. 665, 674, 175 L. Ed. 2d 582 (2010), *quoting Jackson*, 443 U.S. at 326.

The Michigan Court of Appeals although not specifically citing *Jackson*, clearly applied the *Jackson* standard and held that sufficient evidence was presented to sustain Petitioner's convictions:

> Defendant's sole issue on appeal is that there was insufficient evidence to support his convictions because there was no evidence that he "possessed" the gun found in his vehicle during a search incident to arrest. We disagree.

6

When reviewing a claim of insufficient evidence, this Court reviews the record de novo. *People v. Sherman-Huffman*, 241 Mich. App. 264, 265; 615 N.W.2d 776 (2000). This Court reviews the evidence in a bench trial in the light most favorable to the prosecution to determine whether the trial court could find that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

Defendant argues that the prosecutor failed to prove beyond a reasonable doubt that defendant possessed the handgun at the time of his arrest. He argues that investigating officers failed to test the gun for fingerprints, and he was never observed actually holding or touching the firearm. Defendant also argues that unidentified acquaintances had access to defendant's vehicle during the evening of his arrest, and his passenger was left alone in the vehicle prior to the search while defendant was being detained. Defendant argues that his proximity to where the gun was discovered does not establish that he knew of the gun's existence or had possession of it. We disagree.

The crux of the appeal centers on whether defendant had constructive possession of the loaded handgun a police officer found in the center console of defendant's vehicle following his arrest. "[A] defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v. Burgenmeyer*, 461 Mich. 431, 438; 606 N.W.2d 645 (2000). There must also be "indicia of control." *Id.*; *People v. Wolfe*, 440 Mich. 508, 520-521; 489 N.W.2d 748 (1992), mod 441 Mich. 1201 (1992). "[C]onstructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Wolfe, supra* at 521.

Defendant was found to be the owner of the vehicle, he exited the vehicle with its keys in his hand, and the weapon was found in the center console of his vehicle. This allowed the judge to infer that defendant constructively possessed the weapon. Defendant had access to the gun, which was in his reach. Defendant exited the vehicle, suggesting that he did not want the police to go near it. Further, defendant's ownership of the car gives rise to an inference of his knowledge of its contents. The defendant's close proximity to the gun, together with the circumstances surrounding his arrest and the search, provided sufficient indicia of control and a nexus between defendant and the gun to conclude that defendant constructively possessed it.

Under the circumstances, the fact that the police officers failed to check the weapon for defendant's fingerprints is irrelevant. The firearm was found next to where defendant had been seated only minutes before his arrest. It was for the trial court to weigh this evidence in its decision. "It is

for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v. Hardiman*, 466 Mich. 417, 428; 646 N.W.2d 158 (2002). Here, a rational trier of fact could have found beyond a reasonable doubt that defendant was in possession of the firearm.

*Kelley, supra* at 1-4.

Under Michigan law, each of the three firearms offenses for which Petitioner was convicted require that he "possessed" the firearm. *See Parker v. Renico*, 450 F. Supp. 2d 727, 733 (E.D. Mich. 2006) (Cohn, J.) (elements of felony firearm and felon in possession include possessing the weapon); *People v. Nimeth*, 236 Mich. App. 616, 622, 601 N.W.2d 393, 397 (1999) (elements of CCW include that the defendant was aware of the presence of the firearm in the vehicle and that he carried it).

"Possession of a firearm under Michigan law can be actual or constructive and can be proven by circumstantial evidence." *Parker*, 450 F. Supp. 2d at 733 (*citing People v. Hill*, 433 Mich. 464, 469, 446 N.W.2d 140, 143 (1989)). A defendant may have constructive possession of a firearm if its location is known to the defendant and if it is reasonably accessible to him. *Id.* at 470-71. Mere presence in a car where a gun is found and proximity to that gun, however, is insufficient to prove constructive possession. *See United States v. Newsom*, 452 F.3d 593, 609 (6th Cir. 2006).

There was sufficient evidence for a rational trier of fact to conclude that Petitioner constructively possessed the firearm recovered from the vehicle to support his firearm convictions. As the Michigan Court of Appeals noted, testimony at trial established that Petitioner was the driver of the vehicle and the weapon was located in the center counsel located next to his seat. Petitioner's act of immediately exiting the vehicle with the keys when he was pulled over constituted circumstantial evidence that he knew the gun was in

8

the car.  From this evidence, a jury could reasonably infer beyond a reasonable doubt that Petitioner knew of the weapon's location and that it was reasonably accessible to him.

In light of the direct and circumstantial evidence presented which supported the prosecution's theory that Petitioner possessed the firearm,  the Michigan Court of Appeals' decision that a rational trier of fact could find the essential elements of felon in possession of a firearm and felony firearm beyond a reasonable doubt was not contrary to or an unreasonable application of *Jackson*.  Habeas relief is not warranted.

## IV.  <u>Conclusion</u>

The Court will deny the Petition for Writ of Habeas Corpus.  The Court will also deny Petitioner a Certificate of Appealability.   Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  For the reasons stated in this opinion, the Court will deny a Certificate of Appealability because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right.  Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson*, 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

## V.  <u>Order</u>

IT IS ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 23, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager